Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL VII

| BENJAMIN J. BLAD, KEVIN GAN Y LA SOCIEDAD LEGAL DE GANANCIALES compuestas por ambos<br><br>Recurridos<br><br>v.<br><br>CARLA ELENA COLETTI<br><br>Peticionaria | KLCE202400785 | CERTIORARI<br>Procedente del Tribunal de Primera Instancia, Sala Superior de **SAN JUAN**<br><br>Caso Núm.:<br>**SJ2023CV09320**<br><br>Sobre:<br>**Incumplimiento de Contrato** |

Panel integrado por su presidenta la Juez Domínguez Irizarry, la Juez Grana Martínez y el Juez Pérez Ocasio

**SENTENCIA**

En San Juan, Puerto Rico, a 20 de noviembre de 2024.

Comparece ante nos, Carla Elena Coletti, en adelante peticionaria, solicitando que revisemos la *"Resolución"* del Tribunal de Primera Instancia, Sala de San Juan, en adelante, TPI-SJ, notificada el 3 de julio de 2024. Mediante dicha determinación, el Foro Recurrido declaró *"No Ha Lugar"* la *"Moción en Solicitud de Levantamiento de Rebeldía"* presentada por la peticionaria.

Por los fundamentos que expondremos a continuación, *expedimos el recurso de autos y revocamos.*

**I.**

El 25 de noviembre de 2022, la peticionaria suscribió un contrato de arrendamiento con Benjamin Blad y Kevin Gan, en adelante los recurridos, en donde arrendó una propiedad residencial ubicada en Dorado, Puerto Rico.[1] La Cláusula 7 del contrato

---

[1] Apéndice del recurso, pág. 7.

estableció que la peticionaria estaba obligada a proveer mantenimiento sobre la propiedad arrendada.[2] Posteriormente, el 11 de agosto de 2023, los recurridos notificaron a la peticionaria la terminación del contrato de arrendamiento por el alegado incumplimiento con la cláusula mencionada.[3] En esta, alegaron haber solicitado a la peticionaria, en dos ocasiones, que subsanara ciertos problemas con un aire acondicionado de la unidad residencial. Sin embargo, indicaron no haber recibido respuesta alguna por la peticionaria.

Así las cosas, el 2 de octubre de 2023, Benjamin Blad, Kevin Gan, y la Sociedad Legal de Gananciales compuesta por ambos, radicaron una demanda por incumplimiento de contrato contra la peticionaria.[4] Junto a la demanda, presentaron una *"Solicitud de Emplazamiento por Edicto"* y una *"Declaración Jurada"*, acreditando que su reclamación justificaba un remedio, y aduciendo que la peticionaria era residente en la jurisdicción de California.[5] El 11 de octubre de 2023, el TPI-SJ emitió una *"Orden"* para que se emplazara a la peticionaria por medio de edicto.[6]

A tenor con la orden emitida por el tribunal, el 23 de octubre de 2023, el emplazamiento por edicto de la peticionaria fue debidamente publicado en el periódico El Nuevo Día.[7] Además, el 31 de octubre de 2023, los recurridos enviaron copia de la demanda, el emplazamiento, y evidencia del envío de correo certificado de ambos documentos, a la última dirección conocida de la peticionaria en California, y a la propiedad objeto de arrendamiento.[8]

Así las cosas, el 28 de noviembre de 2023, los recurridos presentaron una *"Moción Informando Emplazamiento y Anotación de*

---

[2] Apéndice del recurso, pág. 9.
[3] *Id.*, pág. 76.
[4] *Id.*, pág. 1.
[5] *Id.*, págs. 22-24.
[6] *Id.*, pág. 31.
[7] *Id.*, págs. 35-36.
[8] *Id.*, págs. 37-40.

*Rebeldía*".[9] En esta, solicitaron que se anotara la rebeldía de la peticionaria. Además, acreditaron que el término para contestar la demanda había vencido el 27 de noviembre de 2023, sin que la peticionaria presentara una alegación responsiva. El 3 de enero de 2024, el TPI-SJ ordenó la anotación de la rebeldía.[10]

El 26 de enero de 2024, la peticionaria presentó una moción de desestimación por falta de jurisdicción sobre la persona, por no cumplirse con los requerimientos para emplazamiento por edicto.[11] Adujo que residía en la propiedad objeto de arrendamiento, 1202 Plantation Village Dr. Dorado, Puerto Rico 00646, y que debió haber sido emplazada personalmente. A su vez, planteó que, el 13 de septiembre de 2023, presentó una demanda contra los recurridos por el mismo contrato de arrendamiento, y que estos tuvieron acceso a su dirección física en Puerto Rico.[12]

Posteriormente, el 5 de febrero de 2024, los recurridos presentaron su oposición a la moción de desestimación.[13] En esta, reiteraron que la peticionaria admitió residir en California, y ha requerido que se le notifique cualquier comunicación a la dirección 6495 Caminito Northland La Jolla, CA 92037.[14] A su vez, indicaron que el edicto también había sido enviado a la propiedad objeto de arrendamiento, pero según el acuse de recibo, lo había recibido otra persona. Por tanto, arguyeron que la peticionaria no residía en Puerto Rico. Además, sostuvieron que la notificación de terminación de contrato del 11 de agosto de 2023 había sido enviada por correo con acuse de recibo a las direcciones mencionadas, y la peticionaria se había negado a atender la reclamación.

---

[9] Apéndice del recurso, pág. 33.
[10] SUMAC, Entrada 6.
[11] Apéndice del recurso, pág. 41.
[12] *Id.*, pág. 46; El número de caso al que hace referencia la peticionaria es BY2023CV05053, y sigue ventilándose ante el Tribunal.
[13] *Id.*, pág. 49.
[14] *Id.*, pág. 61.

Así las cosas, el 20 de febrero de 2024, el TPI-SJ declaró "No Ha Lugar" a la desestimación, mediante *"Resolución"*.[15] En desacuerdo con dicha determinación, el 25 de marzo de 2024, la peticionaria presentó un recurso de *"Certiorari"*.[16] No obstante, este fue denegado el 24 de abril de 2024.[17]

El 6 de junio de 2024, la peticionaria presentó una *"Moción en Solicitud de Levantamiento de Rebeldía"*.[18] En esta, planteó que no se había enterado de la demanda en su contra hasta que compareció, y que una vez compareció, se ha defendido vigorosamente, a pesar de estar litigando activamente el caso BY2023CV05053. A su vez, sostuvo que cuenta con una buena defensa en sus méritos, que el grado de perjuicio a ocasionarse a los recurridos es mínimo, y que su solicitud debía ser concedida e interpretada liberalmente. Junto a la moción, radicó su *"Contestación a Demanda y Reconvención"*.[19]

Por su parte, el 25 de junio de 2024, los recurridos se opusieron mediante *"Oposición a Levantamiento de Anotación de Rebeldía"*.[20] Argumentaron que la peticionaria no presentó justa causa para que se dejara sin efecto la anotación de rebeldía, al limitarse a decir que no se enteró del caso. Así las cosas, el 1 de julio de 2024, el TPI-SJ declaró "No Ha Lugar" a la moción en levantamiento de rebeldía.[21]

Inconforme, la peticionaria acudió ante esta Curia el 15 de julio de 2024, y en su recurso de *"Certiorari"*, le imputa al Foro Primario el siguiente señalamiento de error:

---

[15] Apéndice del recurso, pág. 95.
[16] SUMAC, Entrada 16.
[17] SUMAC, Entrada 23, caso núm. KLCE202400348.
[18] Apéndice del recurso, pág. 96.
[19] *Id.*, pág. 102.
[20] *Id.*, pág. 110.
[21] *Id.*, pág. 120.

ERRÓ EL HONORABLE TRIBUNAL DE INSTANCIA AL DECLARAR SIN HA LUGAR LA SOLICITUD DE LEVANTAMIENTO DE ANOTACIÓN DE REBELDÍA.

Tras varios trámites procesales, el 29 de julio de 2024, los recurridos presentaron su *"Oposición a Recurso de Certiorari por Incumplimiento con la Regla 40 del Tribunal de Apelaciones"*. Con el beneficio de la comparecencia de ambas partes y perfeccionado el recurso, procedemos a expresarnos.

## II.

### A. Certiorari

El *certiorari* es un recurso extraordinario mediante el cual un tribunal de jerarquía superior puede revisar discrecionalmente una decisión de un tribunal inferior. *Rivera et al. v. Arcos Dorados et al.*, 212 DPR 194, 207 (2023); *Torres González v. Zaragoza Meléndez*, 211 DPR 821, 846-847 (2023); *Caribbean Orthopedics v. Medshape et al.*, 207 DPR 994, 1004 (2021); *McNeil Healthcare v. Mun. Las Piedras I*, 206 DPR 391, 403 (2021); *800 Ponce de León v. AIG*, 205 DPR 163, 174-175 (2020). Ahora bien, tal discreción no opera en lo abstracto. Con respecto a lo anterior y para revisar los dictámenes interlocutorios del Tribunal de Primera Instancia, la Regla 52.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 52.1, dispone, en su parte pertinente, lo siguiente:

> El recurso de *certiorari* para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia, solamente será expedido por el Tribunal de Apelaciones cuando se recurra de una resolución u orden bajo las Reglas 56 y 57 de este apéndice o de la denegatoria de una moción de carácter dispositivo. No obstante, y por excepción a lo dispuesto anteriormente, el Tribunal de Apelaciones podrá revisar órdenes o resoluciones interlocutorias dictadas por el Tribunal de Primera Instancia cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, *anotaciones de rebeldía,* en casos de

relaciones de familia, en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia. Al denegar la expedición de un recurso de *certiorari* en estos casos, el Tribunal de Apelaciones no tiene que fundamentar su decisión.

[. . .]

(Énfasis suplido)

Según se desprende de la citada Regla, este foro apelativo intermedio podrá revisar órdenes interlocutorias discrecionalmente, cuando se recurre de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, *anotaciones de rebeldía* o en casos de relaciones de familia o que revistan interés público, o en aquellas circunstancias en las que revisar el dictamen evitaría un irremediable fracaso de la justicia, entre otras contadas excepciones. *Mun. de Caguas v. JRO Construction*, 201 DPR 703, 710-711 (2019).

Luego de auscultar si el recurso discrecional cumple con las disposiciones de la Regla 52.1 de Procedimiento Civil, supra, el tribunal procederá a evaluar el recurso a la luz de la Regla 40 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 40. La mencionada Regla expone los criterios que esta Curia deberá considerar para ejercer sabia y prudentemente su decisión de atender o no las controversias ante sí. *Torres Martínez v. Torres Ghigliotty*, 175 DPR 83, 96-97 (2008). Véase, además, *Rivera et al. v. Arcos Dorados et al.*, supra, pág. 209; *Pueblo v. Rivera Montalvo*, 205 DPR 352, 372 (2020).

Así, la Regla 40 del Reglamento del Tribunal de Apelaciones, supra, funge como complemento a la Regla 52.1 de Procedimiento Civil, supra. *Torres González v. Zaragoza Meléndez*, supra. La precitada Regla dispone lo siguiente:

El [T]ribunal tomará en consideración los siguientes criterios al determinar la expedición de un auto de *certiorari* o de una orden de mostrar causa:

A. Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.

B. Si la situación de hechos planteada es la más indicada para el análisis del problema.

C. Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

D. Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

E. Si la etapa de los procedimientos en que se presenta el caso es la más propicia para su consideración.

F. Si la expedición del auto o de la orden de mostrar causa no causa un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

G. Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

4 LPRA Ap. XXII-B, R. 40.

Sin embargo, ninguno de los mencionados criterios es determinante, por sí solo, para este ejercicio y no constituye una lista exhaustiva. *García v. Padró*, 165 DPR 324, 335 (2005). Por lo que, de los factores esbozados "se deduce que el foro apelativo intermedio evaluará tanto la corrección de la decisión recurrida, así como la etapa del procedimiento en que es presentada; esto, para determinar si es la más apropiada para intervenir y no ocasionar un fraccionamiento indebido o una dilación injustificada del litigio". *Torres Martínez v. Torres Ghigliotty*, supra, pág. 97. (Énfasis omitido).

Nuestro Tribunal Supremo ha expresado también que, de ordinario, el tribunal revisor "no intervendrá con el ejercicio de la discreción de los tribunales de instancia, salvo que se demuestre que hubo un craso abuso de discreción, o que el tribunal actuó con prejuicio o parcialidad, o que se equivocó en la interpretación o

aplicación de cualquier norma procesal o de derecho sustantivo, y que nuestra intervención en esa etapa evitará un perjuicio sustancial". *Zorniak Air Servs. v. Cessna Aircraft Co.*, 132 DPR 170, 181 (1992), citando a *Lluch v. España Service Sta.*, 117 DPR 729, 745 (1986). Véase, además, *Rivera y otros v. Bco. Popular*, 152 DPR 140, 155 (2000).

### B. Rebeldía

La rebeldía no es otra cosa que "la posición procesal en que se coloca la parte que ha dejado de ejercitar su derecho a defenderse o de cumplir con su deber procesal". *Mitsubishi Motor v. Lunor y otros*, 212 DPR 807, 822-824 (2023); *Rivera Figueroa v. Joe's European Shop*, 183 DPR 580, 587 (2011). Tiene como propósito el disuadir a una parte a dilatar los procedimientos como una estrategia de litigación. *Rivera Figueroa v. Joe's European Shop*, supra.

Por otro lado, la Regla 45.1 de Procedimiento Civil, supra, detalla los asuntos concernientes con la anotación de rebeldía, a saber, expresa que:

> Cuando una parte contra la cual se solicite una sentencia que concede un remedio afirmativo *haya dejado de presentar alegaciones o de defenderse en otra forma según se dispone en estas reglas*, y este hecho se pruebe mediante una declaración jurada o de otro modo, el secretario anotará su rebeldía.
>
> El tribunal a iniciativa propia o a moción de parte, podrá anotar la rebeldía a cualquier parte conforme a la Regla 34.3 (b) (3).
>
> Dicha anotación tendrá el efecto de que se den por admitidas las aseveraciones de las alegaciones afirmativas, sujeto a lo dispuesto en la Regla 45.2 (b).
>
> La omisión de anotar la rebeldía no afectará la validez de una sentencia dictada en rebeldía.
>
> *Mitsubishi Motor v. Lunor y otros*, supra.

Procede la anotación de rebeldía cuando el demandado no cumple con el requisito de comparecer a contestar la demanda u

ofrecer una defensa a su favor, por lo que este no presenta alegación alguna contra las alegaciones hechas por el demandante o contra el remedio solicitado por este. *Mitsubishi Motor v. Lunor y otros*, supra; *Rivera Figueroa v. Joe's European Shop*, supra, pág. 589. *Álamo v. Supermercado Grande, Inc.*, 158 DPR 93, 100 (2002); Véase, R. Hernández Colón, Práctica Jurídica de Puerto Rico, Derecho Procesal Civil, 6ta Ed. San Juan, Ed. Lexis Nexis, 2017, pág. 328.

También procede una anotación de rebeldía contra una parte que se negó a descubrir su prueba luego de que se le requiriera hacerlo, o que incumplió con algún mandato del tribunal, lo que motiva a este, por solicitud del demandante o motu proprio, a imponerle la rebeldía como sanción. *González Pagán v. SLG Moret-Brunet*, 202 DPR 1062, 1068 (2019); *Rivera Figueroa v. Joe's European Shop*, supra, pág. 589, citando a *Álamo v. Supermercado Grande, Inc.*, supra; *Ocasio v. Kelly Servs.*, 163 DPR 653, 669 (2005).

Una anotación en rebeldía provoca que se den por admitidos todos los hechos bien alegados en la demanda. Además, tiene el efecto de autorizar al Foro Primario para que dicte sentencia, si es eso lo que procede en derecho. *Mitsubishi Motor v. Lunor y otros*, supra; *Rivera Figueroa v. Joe's European Shop*, supra, pág. 598.

Sobre los derechos de una parte en rebeldía, nuestro Tribunal Supremo, en varias ocasiones, ha reiterado que le asiste el derecho a conocer del señalamiento, asistir a la vista, contrainterrogar los testigos de la parte demandante, impugnar la cuantía y apelar la sentencia. *Mitsubishi Motor v. Lunor y otros*, supra; *Ins. Co. v. Isleta Marina*, 106 DPR 809, 817 (1978).

Ahora bien, los tribunales tienen la facultad de dejar sin efecto una anotación de rebeldía cuando exista justa causa para ello. La Regla 45.3 establece que:

> El tribunal podrá dejar sin efecto una anotación de rebeldía
> por causa justificada, y cuando se haya dictado sentencia en

rebeldía, podrá asimismo dejarla sin efecto de acuerdo con la Regla 49.2.

No obstante, la parte que solicita que se deje sin efecto una anotación de rebeldía, tiene el deber de presentar evidencia de circunstancias que, a juicio del tribunal, demuestre una justa causa para la dilación, probar que tiene una buena defensa en sus méritos, y que el grado de perjuicio que pueda ocasionarse a la otra parte es razonablemente mínimo. *Rivera Figueroa v. Joe's European Shop,* supra, a la pág. 593. No son suficientes escuetas alegaciones o someros argumentos al respecto. *Dávila v. Hosp. San Miguel, Inc.,* 117 DPR 807, 818 (1986).

De otra parte, nuestro Tribunal Supremo ha resuelto que, para poder acreditar la justa causa, el abogado o la parte tendrá que ofrecer explicaciones concretas y particulares debidamente evidenciadas en el escrito pertinente. Alegaciones superfluas, vaguedades o planteamientos estereotipados, no cumplen con las exigencias reconocidas en el ordenamiento. *División de Empleados Públicos de la Unión General de Trabajadores v. Cuerpo de Emergencias Médicas de Puerto* Rico, 2023 TSPR 107, 212 DPR ___ (2023); Soto *Pino v. Uno Radio Group,* 189 DPR 84, 92-93 (2013); *Febles v. Romar,* 159 DPR 714, 70 (2003).

### III.

La peticionaria señala en el recurso de epígrafe que el TPI-SJ se equivocó al declarar "No Ha Lugar" la "*Solicitud de Levantamiento de Anotación de Rebeldía*". Arguye que no se enteró de la demanda en su contra hasta que compareció, y sostiene que, desde el 26 de enero de 2024, ha llevado a cabo acciones afirmativas para defenderse y reivindicar su derecho, por entender que no se le notificó correctamente. A su vez, indica que cuenta con prueba documental y testifical que constituye una buena defensa que debe

ser evaluada en sus méritos. Además, plantea que el levantamiento de rebeldía debe interpretarse de manera liberal, y cualquier duda debe resolverse a favor de que se deje sin efecto. *Justipreciamos que le asiste la razón.*

Luego de examinar el expediente y las alegaciones de ambas partes, además de analizar el marco fáctico-jurídico, concluimos que el *Foro Primario actuó incorrectamente al no levantar la anotación de rebeldía.*

Desde el 26 de enero de 2024, la peticionaria se ha defendido vigorosamente, y ha demostrado que merece tener su día en corte para presentar su prueba. Esta prueba incluye evidencia documental y testifical de que la unidad de aire objeto de controversia estaba funcionando correctamente y era la adecuada. Es nuestro criterio, que dicha prueba constituye una buena defensa en sus méritos que debe ser evaluada por el Foro Apelado. A su vez, debido a que no se ha llevado ningún procedimiento ulterior a nivel del Tribunal de Primera Instancia, coincidimos con la peticionaria en cuanto a que el levantamiento de la anotación de rebeldía causaría un grado de perjuicio mínimo a los recurridos.

Cabe destacar que hay un pleito (BY2023CV05053) relacionado con el contrato en controversia, el cual fue radicado por la peticionaria previo a que la parte recurrida presentara el pleito de epígrafe.

Así las cosas, tras realizar un balance de intereses entre la tramitación efectiva del pleito y la resolución justa y equitativa del caso ante nos, resolvemos a favor de la peticionaria y su derecho a defenderse en sus méritos. Por tanto, dejamos sin efecto la anotación de rebeldía recurrida y devolvemos el caso al Foro Primario para ser evaluado en sus méritos. Además, exhortamos al Tribunal de Primera Instancia que evalúe la posibilidad de

consolidar el caso antes nos y el caso BY2023CV05053, por estar basados en el mismo contrato de arrendamiento y sus partes.

## IV.

Por los fundamentos antes expuestos, *expedimos el recurso solicitado y revocamos el dictamen recurrido.*

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

La Juez Grana Martínez concurre con opinión escrita y el Juez Pérez Ocasio disiente con opinión escrita.

LCDA. LILIA M. OQUENDO SOLÍS
Secretaria del Tribunal de Apelaciones

Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL VII

| | | |
|---|---|---|
| **BENJAMIN J. BLAD, KEVIN GAN Y LA SOCIEDAD LEGAL DE GANANCIALES** compuestas por ambos<br><br>Recurridos<br><br>v.<br><br>**CARLA ELENA COLETTI**<br><br>Peticionaria | KLCE202400785 | **CERTIORARI**<br>Procedente del Tribunal de Primera Instancia, Sala Superior de **SAN JUAN**<br><br>Caso Núm.:<br>**SJ2023CV09320**<br><br>Sobre:<br>**Incumplimiento de Contrato** |

Panel integrado por su presidenta la Juez Domínguez Irizarry, la Juez Grana Martínez y el Juez Pérez Ocasio

## VOTO CONCURRENTE DE LA JUEZA GRANA MARTÍNEZ

En San Juan, Puerto Rico, a 20 de noviembre de 2024.

El 22 de abril de este mismo año emitimos una Resolución mediante la cual nos negamos a desestimar una reclamación presentada en contra de Carla Elena Coletti. La misma que, en el asunto que hoy atendemos, comparece nuevamente ante este foro. En aquella ocasión, nos solicitaba que revocáramos al Tribunal de Primera Instancia, que se había negado a desestimar una acción de incumplimiento de contrato en su contra. Entonces, a mi entender, erramos en nuestro proceder. En esta ocasión, me persuaden a revocar los argumentos de Coletti así como las normas de sana y efectiva administración de los recursos ante los foros judiciales.

Es un hecho cierto que el 13 de septiembre de 2023, la señora Coletti había presentado el caso civil número BY2023CV05053 contra el matrimonio de Kevin Gan y Benjamín Blad (1era Demanda). En la Demanda, Coletti incluyó su dirección, la cual consignó como: 1202 Plantation Village Dr., Dorado, Puerto Rico

00646.[1] En dicho pleito, alterno al que hoy atendemos, el 30 de octubre de 2023 comparecieron Kevin Gan y Benjamín Blad, a través de la licenciada Delma Lynnette Berríos Mercado. En su demanda, Coletti reclamó el incumplimiento de un contrato de arrendamiento suscrito entre las partes sobre la propiedad ubicada en Plantation Village Building 1, Residence #202, Dorado, Puerto Rico.

Así las cosas, el 2 de octubre del mismo año, 2023, Kevin Gan y Benjamín Blad, por su parte, también presentaron una Demanda por incumplimiento de contrato sobre la misma propiedad ubicada en Dorado (2nda Demanda). En la reclamación, entre otros, alegaron que, el 11 de septiembre de 2023, por conducto de su representación legal, le habían notificado a Carla Elena Coletti la terminación del contrato de arrendamiento conforme al Artículo 13(a) del contrato entre las partes, por el estado de la propiedad, a raíz de un acondicionador de aire dañado y la exposición a hongo por la humedad. Reclamaron por alegadamente negarse a realizar mejoras en contravención al contrato. La Demanda fue presentada por la licenciada Delma Lynnette Berríos Mercado. En esta se consignó como dirección de Coletti: 6495 Caminito Northland, La Jolla, CA 92037, y con el siguiente correo electrónico: carlacoletti@gmail.com.  Ese mismo día, Gan y Blad solicitaron el emplazamiento por edicto al afirmar que Coletti residía fuera de Puerto Rico. Así lo autorizó el foro primario, el 11 de octubre de 2023. El 28 de noviembre, Gan y Blad notificaron al tribunal haber publicado el edicto, enviado copia de este a la última dirección conocida de la demandada y solicitaron la anotación de rebeldía. Solicitud injustificada, por conocer la dirección de Coletti, según consignada en la 1era Demanda. El 3 de enero del año en curso, el foro primario anotó la rebeldía. No tomó

---

[1] Véase, Sistema Unificado de Manejo y Administración de Casos (SUMAC), entrada número 1 en el pleito civil.

en consideración, porque no le fue informado que, existía un pleito anterior entre las partes, sobre la misma propiedad y bajo el mismo contrato, (1era Demanda).

Precisa puntualizar que, el 28 de noviembre de 2023, cuando Gan y Blad notificaron al tribunal haber publicado el edicto y solicitaron la rebeldía, en la 2nda Demanda ya habían recibido el emplazamiento con la Demanda en el caso civil número BY2023CV05053.

De hecho, el 30 de octubre de 2023, prácticamente un mes antes de solicitar la rebeldía, la abogada de Gan y Blad en el caso presentado por Coletti, la 1era Demanda, compareció mediante *Moción asumiendo representación legal y solicitando prórroga,* alegando que necesitaba realizar una investigación de los hechos alegados en la demanda para poder contestar la misma, por lo que solicitó un término de treinta (30) días para finiquitar el escrito de alegación responsiva.

No tengo duda alguna que, al 28 de noviembre de 2023, la representación legal de Gan y Blad conocía del pleito presentado en contra de estos y aun así no advirtió al foro primario. Sino que propició una anotación de rebeldía.



La rebeldía, aunque es un mecanismo procesal discrecional para el foro de instancia, no se sostiene ante el ejercicio injusto. Lo contrario constituye un abuso de discreción. *Rivera Figueroa v. Joe's European Shop,* 183 DPR 580, 590 (2011). La jurisprudencia del Tribunal Supremo de Puerto Rico es vanguardista y se inclina hacia que los casos se ventilen en sus méritos, interpretando la regla de manera liberal, resolviéndose cualquier duda a favor de que se deje sin efecto la anotación o la sentencia en rebeldía. *Rivera Figueroa v. Joe's European Shop,* supra, págs. 591-592; *Neptune Packing Corp. v. Wakenhut Corp.,* 120 DPR 283, 293 (1988); *Díaz v. Tribunal Superior,* 93 DPR 79, 87 (1966).

El resultado de la controversia entre las partes son dos reclamaciones, entre las mismas partes, en distintas salas del tribunal, sobre un mismo contrato de arrendamiento y, de una misma propiedad.

En la 2nda Demanda, radicado por Gan y Blad, Coletti tiene una anotación de rebeldía en su contra. En el otro, la 1era Demanda, radicado por Coletti, Gan y Blad acaban de presentar la contestación a la reclamación en su contra.

Lo anterior constituye un absurdo procesal que no puedo ignorar. Así hacerlo permitiría que dos foros adjudiquen la misma controversia y puedan emitir dictámenes absolutamente contradictorios. Mas aun cuando en un pleito, la 2nda Demanda, una de las partes está en rebeldía. Rebeldía que, a mi criterio, debe ser levantada para permitir la consolidación[2] con la 1era Demanda, pleito caso civil número BY2023CV05053, que es el de mayor antigüedad entre las partes y que la controversia entre las partes sea resuelta en los méritos. Por tal razón, expediría el certiorari para revocar y ordenar la consolidación.

Grace M. Grana Martínez
Jueza del Tribunal de Apelaciones

---

[2] Regla 38.1. Consolidación
Cuando estén pendientes ante el tribunal pleitos que comprendan cuestiones comunes de hechos o de derecho, el tribunal podrá ordenar la celebración de una sola vista o juicio de cualquiera o de todas las cuestiones litigiosas comprendidas en dichos pleitos, podrá ordenar que todos los pleitos sean consolidados y podrá dictar, a este respecto, aquellas órdenes que eviten gastos o dilaciones innecesarias.

| | | |
|---|---|---|
| **BENJAMIN J. BLAD, KEVIN GAN Y LA SOCIEDAD LEGAL DE GANANCIALES** compuestas por ambos<br><br>Recurridos<br><br>v.<br><br>**CARLA ELENA COLETTI**<br><br>Peticionaria | KLCE202400785 | **CERTIORARI**<br>Procedente del Tribunal de Primera Instancia, Sala Superior de **SAN JUAN**<br><br>Caso Núm.:<br>**SJ2023CV09320**<br><br>Sobre:<br>**Incumplimiento de Contrato** |

Panel integrado por su presidenta la Juez Domínguez Irizarry, la Juez Grana Martínez y el Juez Pérez Ocasio

**VOTO DISIDENTE DEL JUEZ PÉREZ OCASIO**

En el día de hoy consigno mi *disenso* por una simple razón.

"Una parte no tiene derecho a que su caso adquiera vida eterna en los tribunales, manteniendo a la otra en un estado de incertidumbre, sin más excusas para su falta de diligencia e interés en la tramitación del mismo".
Jueza Naveira de Rodón (1986).

Carla Elena Coletti comparece ante esta Curia solicitando que revisemos la *"Resolución"* del TPI-SJ, notificada el 3 de julio de 2024, la cual declaró *"No Ha Lugar"* la *"Moción en Solicitud de Levantamiento de Rebeldía"* presentada por esta. Por los fundamentos que aquí esbozamos, entendemos que este Tribunal *debió confirmar el referido dictamen.*

**I.**

El emplazamiento constituye el mecanismo procesal que viabiliza el ejercicio de la jurisdicción judicial dentro de nuestro sistema judicial. *SLG Rivera Pérez v. SLG Díaz-Doe et al.*, 207 DPR 636, 647 (2021); *Torres Zayas v. Montano Gómez et al.*, 199 DPR 458, 467 (2017). Mediante este instrumento, el Tribunal adquiere



jurisdicción sobre la persona que esté siendo demandada, quedando esta última obligada por el dictamen que finalmente se emita. *Ross Valedón v. Hosp. Dr. Susoni et al.*, 2024 TSPR 10, 213 DPR ___ (2024); *Martajeva v. Ferré Morris y otros*, 210 DPR 612, 620-621 (2022); *Pérez Quiles v. Santiago Cintrón*, 206 DPR 379, 384 (2021); *Rivera Marrero v. Santiago Martínez*, 203 DPR 462, 480 (2019); *Bernier González v. Rodríguez Becerra*, 200 DPR 637, 644 (2018). Por un lado, la finalidad del emplazamiento es notificar a la parte demandada que se ha instado una reclamación judicial en su contra y, por el otro, garantizarle su derecho a ser oído y a defenderse. *SLG Rivera Pérez v. SLG Díaz-Doe et al.*, supra; *Torres Zayas v. Montano Gómez et al.*, supra; *Banco Popular v. S.L.G. Negrón*, 164 DPR 855, 863 (2005).



El adecuado diligenciamiento del emplazamiento constituye un imperativo constitucional del debido proceso de ley, por lo que se exige un cumplimiento estricto cuando de obedecer sus requisitos se trata. *Banco Popular v. S.L.G. Negrón*, supra; *Datiz v. Hospital Episcopal*, 163 DPR 10, 15 (2004). Aunque el diligenciamiento personal del emplazamiento es el método más idóneo para adquirir jurisdicción sobre la persona, *por vía de excepción*, las Reglas de Procedimiento Civil autorizan *emplazar por edicto*. *Sánchez Ruiz v. Higueras Pérez et al.*, 203 DPR 982, 987-988 (2020); *Banco Popular v. S.L.G. Negrón*, supra, pág. 865. Así, cuando la persona a ser emplazada no está en Puerto Rico o, estando en Puerto Rico, no pueda ser localizada después de realizadas las diligencias pertinentes, procede que su emplazamiento se realice a través de la publicación de un edicto. Id.; Regla 4.6 de Procedimiento Civil, supra.

Cónsono con lo anterior, la Regla 4.6 de Procedimiento Civil, supra, dispone sobre el emplazamiento por edictos y su publicación como sigue:

***Cuando la persona a ser emplazada esté fuera de Puerto Rico, que estando en Puerto Rico no pudo ser localizada después de realizadas las diligencias pertinentes*** o se oculte para no ser emplazada, o si es una corporación extranjera sin agente residente y así ***se comprueba a satisfacción del tribunal mediante declaración jurada*** que exprese dichas diligencias, y aparezca también de dicha declaración o de la demanda presentada que existe una reclamación que justifica la concesión de algún remedio contra la persona que ha de ser emplazada, o que dicha persona es parte apropiada en el pleito, ***el tribunal podrá dictar una orden para disponer que el emplazamiento se haga por un edicto.*** No se requerirá un diligenciamiento negativo como condición para dictar la orden que disponga que el emplazamiento se haga por edicto.

(Énfasis nuestro).



Autorizado el edicto por el Tribunal, el demandante procurará su publicación en un *periódico de circulación general de la Isla de Puerto Rico.* Luego – dentro de los diez (10) días siguientes a la publicación – enviará a la parte demandada, por correo certificado a la última dirección conocida, *una copia del emplazamiento y la demanda presentada. Banco Popular v. S.L.G. Negrón,* supra, pág. 865-866.

## II.

La peticionaria arguye que no se enteró de la demanda en su contra hasta que compareció, y que esa es la razón por la cual no pudo hacer una alegación responsiva en el término correspondiente. Sostiene que, desde que compareció, ha sido diligente en defenderse activamente y, por tanto, solicita que se levante la anotación de rebeldía.

No obstante, debemos puntualizar los siguientes hechos probados. De los documentos e información provista por las partes, surge que, *el 11 de agosto de 2023,* los recurridos notificaron a la peticionaria la terminación del contrato de arrendamiento, por su alegado incumplimiento.[1] Dicha notificación fue enviada por correo electrónico a *carlacoletti@gmail.com,* y por correo con acuse de recibo a la residencia de la peticionaria en California y *a la propiedad arrendada ubicada en Dorado.*[2] Es decir, los recurridos enviaron dicha notificación a 1202 Plantation Village Dr. Dorado, Puerto Rico 00646, y a 6495 Caminito Northland La Jolla, CA 92037, conforme lo estipulado en la Cláusula 18 del contrato.[3]



A su vez, surge que la peticionaria fue debidamente emplazada por edicto, *el 31 de octubre de 2023,* después que los recurridos publicaran el edicto en un periódico de circulación general, y enviaran una copia de la demanda y el emplazamiento a la peticionaria. A saber, las copias del emplazamiento y la demanda, al igual que la notificación de terminación del contrato, *fueron enviadas a la residencia de la peticionaria en California y a la propiedad objeto de arrendamiento en Puerto Rico.* Sin embargo, en la propiedad en Puerto Rico, las copias fueron recibidas por una persona que no es la peticionaria. Es decir, a pesar de que el emplazamiento fue enviado a la propiedad que la peticionaria alegó era su residencia física, la persona en recibirla fue otra.

Así las cosas, la peticionaria compareció en el pleito el 26 de enero de 2024, **ochenta y siete (87) días después de haber sido debidamente emplazada**. Esto lo hizo sin presentar evidencia que demostrara justa causa para su dilación. Luego de varios incidentes procesales, finalmente presentó su *Contestación a la Demanda y*

---

[1] Apéndice del recurso, pág. 76.
[2] Apéndice del recurso, págs. 72 y 79.
[3] *Id.,* pág. 61.

*Reconvención,* el 6 de junio de 2024. A saber, la peticionaria *se cruzó de brazos* y presentó su primera alegación responsiva **doscientos diecinueve (219) días después del emplazamiento**.

En su recurso de *certiorari,* la peticionaria se limitó a alegar que no compareció dentro del término correspondiente porque no se enteró del caso. Por tanto, entiendo que la peticionaria no ha demostrado justa causa que justifique su dejadez en atender el pleito ante nos, y nos obligue a dejar sin efecto la anotación de rebeldía recurrida.

Por los fundamentos antes expuestos, *disiento* de la decisión mayoritaria aquí emitida.

En San Juan, Puerto Rico, a 20 de noviembre de 2024.

**Alberto Luis Pérez Ocasio**
Juez del Tribunal de Apelaciones